UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22753-JEM/Becerra

KARINA ESCOBAR,

    Plaintiffs,

v.

TIMOTHY WILCOX INC., D/B/A
BEACHES BAR AND GRILL, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON UNOPPOSED MOTION FOR COSTS**

**THIS CAUSE** came before the Court on Plaintiff's, Karina Escobar, Unopposed Motion for Bill of Costs and Supporting Memorandum.[1]  ECF No. [66].  Upon due consideration of the Motion and supporting exhibits, the relevant portions of the record, and the applicable law, for the reasons explained below and given the absence of objection to the relief sought, it is hereby **RECOMMENDED** that the Motion for Bill of Costs be **GRANTED**.

    **I.**    **BACKGROUND AND INSTANT MOTION**

This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201-219.  ECF No. [1]  The Parties reached a full settlement of Plaintiff's claims after engaging in discovery and motion practice.  The terms of the Settlement Agreement provide that the Court will determine the amount of attorneys' fees and costs to be awarded to Plaintiff.[2]  ECF No. [63-1] at 2.

On November 22, 2023, the Court granted the Parties' Joint Motion to Approve Settlement

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [69].

[2] Plaintiff's deadline to file a motion for attorneys' fees has not yet expired.  *See* ECF No. [68].

1

and dismissed the case with prejudice, retaining jurisdiction to enforce the terms of the Settlement Agreement. ECF No. [65]. Plaintiff has now timely filed an Unopposed Motion for Bill of Costs, along with copies of the supporting invoices. ECF No. [66], [66-1], [66-2]. Plaintiff seeks a total of $490.00 in taxable costs, which is comprised of $402.00 for fees of the clerk, and $88.00 for service of process on both defendants. *Id.*

  **II.** **ANALYSIS**

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). There is no dispute that Plaintiff is the prevailing party. Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

  (1) Fees of the clerk and marshal;
  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title;
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As mentioned, Plaintiff seeks to recover the cost for filing fees of the clerk. "Fees of the clerk and marshal include filing fees and are clearly taxable." *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D.

Fla. Dec. 17, 2012) (citations omitted). Plaintiff also seeks to recover the cost of service for two summonses on Defendants Timothy Wilcox, Inc. d/b/a Beaches Bar and Grill and Timothy Wilcox. "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal Service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007) (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)). At the time service of process occurred, the Marshals Service fee was $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). Plaintiff's invoices reflect that the cost of service on each Defendant was $44.00, which is below the Marshals Service Rate. ECF No. [66-2]. Accordingly, the undersigned **RECOMMENDS** that the Court award Plaintiff $402.00 for the filing fee and $88.00 in process server costs.

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Bill of Costs, ECF No. [66], be **GRANTED**, and Plaintiff be awarded $490.00 in taxable costs.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The undersigned finds that a shortened objection period is warranted given the lack of opposition to the relief requested. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. §

636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers in Miami, Florida on February 5, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**